UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| MICHAEL REAL and  FANCY HAT STUDIOS, INC. | : | |
| | : | Civil Action No. |
| VERSUS | | |
| | : | JUDGE |
| DEVESCOVI MATTEO | : | MAGISTRATE JUDGE |
| : : : : : : : : : : : : : : : : : : : : : : : : : : | | |

## **COMPLAINT**

### Introduction

The plaintiffs, MICHAEL REAL, who is domiciled within the nation of Australia, FANCY HAT STUDIOS, INC., a Louisiana Corporation (hereinafter "Plaintiffs" or "Owners") through their attorney, brings this action against the defendant, DEVESCOVI MATTEO, who is domiciled within the nation of Italy (hereinafter "Defendant"), alleging copyright infringement and contributory copyright infringement, and misrepresentation under the Digital Millennium Copyright Act, and seeking damages and injunctive relief, respectfully averring:

A. JURISDICTION & VENUE

1. This is a suit for copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). Additionally Plaintiffs have a claim against Defendant under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

2. This court has personal jurisdiction over Defendant because he is a nonresident alien, who by filing a counter-notice against Plaintiffs' DMCA takedown-notice. Further contacts with this State include:

    a) The Defendant conspired to and did commit acts of copyright infringement and contributory copyright infringement statewide and nationwide, including in this State.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(c)(3).

COPYRIGHTED PROPERTY INFRINGED

4. Plaintiffs are, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright law with respect to the following described "Towergirls property." Plaintiffs seek, among other claims, for the

following copyrighted property to be taken down from 'The Towergirls Kingdom Team Patreon page,' ('Patreon,' is a San Francisco based website and marketplace for "crowdfunding" of independent projects), as well as everything associated with the "Towergirls Kingdom: Conquest game:"

    a) The name: "Towergirls" from the title, the name of the team working on the title property, and from every piece of the game in any way, shape or form;

    b) The designs and likenesses of all characters, items, and objects depicted in the charts for Towergirls: Lewd Edition Parts 1-4, the Towergirls Princesses and Monsters Chibis, and the Towergirls Lore document;

    c) Any references to the names of all all characters, items, and objects depicted in the charts for Towergirls: Lewd Edition Parts 1-4, the Towergirls Princesses and Monsters Chibis, and the Towergirls Lore document; and

    d) Any characters whose designs and likenesses are directly derived from the designs and likenesses of the characters depicted in the charts for Towergirls: Lewd Edition Parts 1-4, the Towergirls

Princesses and Monsters Chibis, and the Towergirls Lore document, including the "Progeny" assets made for Kingdom Conquest.

Excluded from this takedown are any other designs or likenesses that are **not depicted** in the charts for Towergirls: Lewd Edition Parts 1-4, the Towergirls Princesses and Monsters Chibis, and the Towergirls Lore document, nor any programing or code incorporated into the game.

5. Plaintiffs and Defendant entered into the Memorandum of Understanding ("MOU) dated February 21st, 2017. Such MOU is attached as Exhibit P-1.

6. As stated within MOU, it was to be replaced by a formal binding contract to be signed "not later than 11:00pm central standard time (US) [5:00am Greenwich Mean Time] Wednesday, February 22nd, 2017." See MOU, end of 1st paragraph. No formal contract was ever agreed to, and therefore no assignment or limited licensing of any of Plaintiffs' copyrighted property was ever made.

7. Plaintiffs agreed to continue some work on the project, provided that Plaintiffs retained sole ownership of the Towergirls copyrighted name and property. Furthermore Plaintiffs recognized Defendant's unfettered ownership of programing and code incorporated into the game.

8. Relations continued amicable until late September, 2017, when third parties made Plaintiffs aware of a large argument the Defendant participated in the public /hgg/ imageboard of 8ch.net.  Plantiffs were made aware of the extent to which certain morally reprehensible additions to the game (violent nonconsensual sex) the extreme extent of which Plaintiffs had not been informed of.  In such public discussion, Defendant, while representing the Towergirls' name, insulted fans of the property in a personal and unprofessional manner.  Finally, and most critically, the Defendant was making public statements undermining Plaintiffs' ownership of Towergirls.

9. Plaintiffs, concerned about maintaining the quality of the property, and the value of the Towergirls image (as princesses), as well as concern over loss of trust from the consumer "fan base," sought to sever ties with Defendant in an amicable manner, to no avail.

10. Plaintiffs then sent a takedown-notice to Patreon on September 25th, 2017 at 8:22 a.m.  This takedown notice provided information on all of the infringed property, except for the Towergirls Lore documentation which may be found at:

https://docs.google.com/document/d/1tvwJDhjDU4AfH8GTP553odh0jANZQm-b

koBc7H2l3C8/edit

A copy of the takedown notice is attached as Exhibit P-2.

11. On September 27th, 2017 Patreon received a counter-notice from Defendant, which was received by Plaintiffs on September 28th, 2017, at 3:03 p.m. A copy of the counter-notice is attached as Exhibit P-3.

12. Such counter-notice is a misrepresentation under the DMCA.

13. In such counter-notice Defendant alleges that the infringement of Plaintiffs' Towergirl properties was "fair use." However, Defendant used Plaintiffs Towergirl properties for profit, earning $6,317.80 during August, 2017, and a further $7,201.80 during September, 2017.

14. Defendant marketed and advertised Plaintiff's infringed Towergirls property through Patreon, and published such infringed property.

15. Defendant, in introducing violence and coercion into the game, devalued Plaintiffs' infringed Towergirls property, causing loss to Plaintiffs.

PRAYER

WHEREFORE, Plaintiffs pray for judgment against DEVESCOVI MATTEO, finding him guilty of copyright infringement and contributory copyright infringement, and further guilty of misreprentation of the Digital

Millennium Copyright Act ("DMCA"), and Plaintiffs demand the following relief against the Defendant:

    I. Compensatory damages in the full amount of $$7,201.80;

    II. Reasonable attorneys fees, and court costs;

    III. That an injunction issue, after due hearing, forbidding from further infringing on the Plaintiffs' Towergirl properties;

    IV. Such other and further relief as this Honorable Court may deem appropriate, including costs and reasonable attorney fees, for the prosecution of this captioned civil matter.

                                          Respectfully Submitted,
                                          GEORGE J. TATE, P.L.L.C.

                                BY: /s/ *George J. Tate*
                                          George J. Tate, B. R. No. 12663
                                          130 Main Street – P. O. Box 817
                                          Abbeville, La 70511-0817
                                          Telephone: (337) 893-8335
                                          Telefacsimile: (800) 214-6152
                                          E-mail: george@gjtatelaw.com

## VERIFICATION

We, the Plaintiffs, have a good faith belief that the material we have reported and noticed, and have described herein this Complaint, is not authorized by the copyright owner, an agent of the owner, or the law. The information in such notice is accurate, and under penalty of perjury, I am authorized on behalf of the owner of an exclusive right that is allegedly infringed.  Furthermore, all of the facts contained in the foregoing Complaint it the truth, to the best of our knowledge, recollection and belief.

This 7th day of October, 2017.

/s/ *Michael Real*
MICHAEL REAL


/s/ *John A. Tate*
JOHN A. TATE


/s/ *George J. Tate*
George J. Tate, La. Bar Roll No. 12663